UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
(LAFAYETTE)

In re: ANTHONY BROUSSARD            CASE NO. 16-50261
GLENDA FAYE BROUSSARD

**MEMORANDUM IN RESPONSE TO NALCO COMPANY'S OPPOSITION TO TRUSTEE'S APPLICATION TO APPOINT ATTORNEY AND IN FAVOR OF THE APPOINTMENT OF UNDERSIGNED COUNSEL**

**SUMMARY OF THE FACTS**

Debtor, Anthony Broussard ("Broussard"), filed this bankruptcy petition on February 26, 2016. His dire financial condition that resulted in the filing of bankruptcy earlier this year was directly caused by the illegal termination of his employment by his employer of nine years, Nalco Company ("Nalco"). Nalco terminated him in October 2014 because of his race (African American) when Broussard's supervisor fired him and replaced him with a Caucasian. Nalco also created a hostile working environment based on race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Just days before Nalco terminated Broussard, Nalco required all of the Nalco employees at Broussard's work location to sign a mandatory arbitration agreement. This arbitration agreement was required by the company to be signed and was signed on October 8, 2014, which was just nine days prior to the company firing Broussard on October 17, 2014. In November 2014 Broussard filed a Charge of Discrimination with the EEOC, alleging race discrimination. After receiving a Notice of Suit Rights from the EEOC, Broussard filed a complaint in the United States District Court, Western District of Louisiana. After Nalco alerted Broussard to the fact that he had signed a mandatory arbitration agreement just days before his termination, Broussard, on March 15, 2016, filed his claim of discriminatory termination and

discriminatory hostile work environment with the American Arbitration Association ("AAA"). That claim is still pending at the AAA. In the written discovery in the arbitration, Broussard disclosed that he had filed a Chapter 13 bankruptcy. Nalco checked the List of Assets and Liabilities in this bankruptcy action and discovered that this claim for illegal race discrimination was not listed.

On August 22, 2016, Nalco then, in the Arbitration, filed a Motion to Dismiss Broussard's claims, claiming that he is estopped from pursuing them in the arbitration when he failed to list the claims on his bankruptcy schedules. Immediately, upon learning of his inadvertent omission on his schedules, Broussard amended his schedules on August 22, 2016, the very day he discovered the error, to identify his claim against Nalco.

Broussard has opposed the Motion to Dismiss his claims in arbitration against Nalco because the omission from his schedules was inadvertent. His wife filled out the forms and explained to the Arbitrator that she was the only person in the family earning money at the time (Broussard had been unemployed for 22 consecutive months at that time, upon information and belief, because Nalco was giving negative references about him to prospective employers), and was only thinking of her income and claims when she filled out the forms.

On September 1, 2016, the Trustee filed an Application to Appoint Broussard's counsel, Victor Farrugia, as counsel for the bankruptcy estate. Farrugia states in his Declaration of Disinterestedness that he does not represent any interest adverse to the debtor's or any interest to the debtor's estate with respect to any such matter on which he is to be employed other that the fact that counsel has an interest in the outcome of this litigation by virtue of a contingency fee.

On September 2, 2016, Broussard filed a Second Amended Chapter 13 Plan that

2

16-50261 - #43  File 10/05/16  Enter 10/05/16 18:21:47  Main Document  Pg 2 of 5

pledged one half of Broussard's net proceeds from the employment discrimination claim against Nalco to the bankruptcy estate. There were no objections to the Second Amended Plan, and, as such, the plan was automatically confirmed.

On September 8, 2016, Nalco filed an opposition to the appointment of undersigned counsel to represent the bankruptcy estate in the pursuit of Broussard's claims against Nalco. This memorandum is in response to that opposition and is in favor of this Court approving the appointment of undersigned counsel to represent the bankruptcy estate in the pursuit of Broussard's claims against Nalco.

The Arbitrator has stayed the arbitration until an attorney is appointed to represent the bankruptcy estate to pursue Broussard's claims in the arbitration.

**LEGAL ARGUMENT**

Nalco is correct in its cite of Rule 1.7(a) of the Louisiana Rules of Professional Conduct as follows:

Rule 1.7. Conflict of Interest: Current Clients

(a) Except as provided in paragraph (b), a lawyer **shall not** represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Nalco is incorrect in stating that under Rule 1.7, Victor Farrugia cannot represent both Anthony Broussard and the Trustee. Undersigned counsel is the subject of the application by the Trustee to represent the bankruptcy estate in the pursuit of Broussard's claim. Undersigned counsel will not be representing the Trustee.

The bankruptcy estate owns the claim of Broussard and, according to the Second Amended Chapter 13 Plan, the creditors in the bankruptcy and Broussard will share the

3

proceeds of the employment discrimination case on a 50-50 basis. The interest of the estate and Broussard are directly aligned and the two share the common goal of obtaining as much money as possible from Broussard's claim against Nalco. There is no conflict of interest here.

Nalco cites *Auday v. Wet Seal Retail, Inc.*, 2013 U.S. Dist. LEXIS 80535 (E.D. Tenn. June 6, 2013). However, that is a Chapter 7 case and not a Chapter 13 case like the Broussard case. This Court is not bound by precedent in a district court in a different circuit.

Nalco cites *In re Mercury,* 280 B.R. 35 (Bankr S.D.N.Y. 2002). However, that is a Chapter 7 case and not a Chapter 13 case like the Broussard case. Also, the Court refers to the attorney in the *Mercury* case as representing the Trustee. As stated above undersigned counsel is not applying to represent the Trustee.

Nalco cites *In re Rice*, 224 B.R. 464 (Bankr. D. Or. 1998). However, that is a Chapter 7 case and not a Chapter 13 case like the Broussard case. This Court is not bound by precedent in a district court in a different circuit. Also, the Court refers to the attorney in the *Rice* case as representing the Trustee. As stated above undersigned counsel is not applying to represent the Trustee.

In summary, undersigned counsel has no conflict of interest in representing both Broussard and the bankruptcy estate.

**QUALIFICATIONS OF UNDERSIGNED COUNSEL**

Undersigned counsel is well qualified to represent the bankruptcy estate in this matter. He is the past President of the Labor and Employment Section of the Louisiana Bar Association, the founder of the Louisiana Employment Lawyers Association, selected SuperLawyer in Employment Law, AV rated by Martindale-Hubbell for the past 20 years, and has 40 years of litigation and appellate experience. He has represented Broussard in this

matter since December 14, 2015.

                                                                            Respectfully submitted,

/s/ Victor R. Farrugia
VICTOR R. FARRUGIA (#19324)
FARRUGIA LAW FIRM, LLC
1340 Poydras Street, Suite 2100
New Orleans, LA 70112
Telephone: (504) 525-0250
Facsimile (504) 293-0651
vfarrugia@farrugialawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 5, 2016, a copy of the foregoing has been served on:

Mr. & Mrs. Anthony Broussard
215 Republic Avenue, Apt. 7108
Lafayette, LA 70508

Susan Desmond, Esquire
Jackson Lewis PC
650 Poydras St.
Suite 1900
New Orleans, LA 70130

Keith A. Rodriguez
Chapter 13 Trustee
P.O. Box 3445
Lafayette, LA 70502-3445

Mr. Tom St. Germain
Attorney at Law
1414 NE Evangeline Thruway
Lafayette, LA 70501

Office of U.S. Trustee
300 Fannin, Suite 396
Shreveport, LA 71101

by placing same in the U.S. Mail, postage prepaid or electronically.

                                                                        */s/ Victor R. Farrugia*
                                                                       VICTOR R. FARRUGIA